UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXERGEN CORPORATION<br><br>        Plaintiff,<br><br>    v.<br><br>KAZ USA, INC.<br><br>        Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**EXERGEN CORPORATION'S
COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Exergen Corporation ("Exergen") for its Complaint against defendant Kaz USA, Inc. alleges as follows:

**PARTIES**

1. Plaintiff Exergen Corporation ("Exergen") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having its principal place of business at 400 Pleasant Street, Watertown, Massachusetts, within this judicial district.

2. Defendant Kaz USA, Inc. ("Kaz") is, upon information and belief, a corporation organized under the laws of Massachusetts having its principal executive offices at 250 Turnpike Road, Southborough Massachusetts, and doing business in this judicial district, including business related to the claims asserted in this Complaint.

**JURISDICTION AND VENUE**

3. This action is for patent infringement. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant is a Massachusetts corporation. Defendant has conducted and solicited and continues to conduct and solicit business in the Commonwealth of Massachusetts. Defendant has caused and is continuing to cause tortious injury in the Commonwealth of Massachusetts. Upon information and belief, Defendant, directly or through intermediaries, uses, offers for sale, imports, or distributes to others for such purposes, infrared thermometers, in the United States and the Commonwealth of Massachusetts.

5. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as *inter alia*, Defendant is subject to personal jurisdiction in this district.

**FACTUAL BACKGROUND**

6. On August 31, 2010, United States Patent No. 7,787,938 ("the '938 Patent"), entitled "Temporal Artery Temperature Detector," was lawfully issued.

7. A copy of the '938 Patent is attached as Exhibit A and incorporated herein.

8. Exergen is the sole owner of the '938 Patent and all rights of recovery thereunder.

9. The '938 Patent has not expired and is in full force and effect.

10. Exergen has marked its products in connection with the '938 patent in compliance with 35 U.S.C. § 287(a).

11. On September 18, 2001, United States Patent No. 6,292,685 ("the '685 Patent"), entitled "Temporal Artery Temperature Detector," was lawfully issued.

12. A copy of the '685 Patent is attached as Exhibit B and incorporated herein.

13. Exergen is the sole owner of the '685 Patent and all rights of recovery thereunder.

14. The '685 Patent has not expired and is in full force and effect.

15. Exergen has marked its products in connection with the '685 Patent in compliance with 35 U.S.C. § 287(a).

16. Kaz has made and is making, has used and is using, has offered and is offering to sell, and/or has sold and is selling infrared thermometers the use of which infringes the '938 Patent and the '685 Patent including but not limited to, by selling thermometers sold under the name Vicks Forehead Thermometer.

17. The instructions provided to consumers with the Vicks Forehead Thermometer explicitly instruct users to use the product in an infringing manner. A copy of the instruction manual has been attached as Exhibit C and is incorporated herein.

18. Defendant has been aware of the existence of the '938 Patent since at least as early as about March 13, 2013.

19. Defendant has been aware of the existence of the '685 Patent since at least as early as about April 2007.

## COUNT I
## INFRINGEMENT OF THE '938 PATENT

20. Exergen incorporates by reference paragraphs 1-19 above as though fully set out herein.

21. On information and belief, Defendant has been and is contributorily infringing and/or actively inducing others, including end users, to infringe the '938 Patent, and sells the infringing thermometers with the knowledge and intent that they will be used by end users and that such use infringes the '938 Patent, and the intent that such thermometers are especially

designed to be and are used in a manner which infringes the '938 Patent. Said thermometers are not staple items of commerce and have no substantial noninfringing use.

22. Kaz is a direct competitor of Exergen with respect to the subject matter of the '938 patent.

23. On information and belief, Defendant was aware of the existence of the '938 Patent and its infringement of the '938 Patent has been intentional, deliberate, and willful.

24. By reason of the aforesaid infringement, Exergen is damaged and is entitled to damages adequate to compensate for Defendant's infringement.

25. Defendant's infringement of the '938 Patent has caused and is causing irreparable injury to Exergen, for which Exergen has no adequate remedy at law. Defendant will continue its unauthorized conduct unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF THE '685 PATENT

26. Exergen incorporates by reference paragraphs 1-25 above as though fully set out herein.

27. On information and belief, Defendant has been and is contributorily infringing and/or actively inducing others, including end users, to infringe the '685 Patent, and sells the infringing thermometers with the knowledge and intent that they will be used by end users and that such use infringes the '685 Patent, and the intent that such thermometers are especially designed to be and are used in a manner which infringes the '685 Patent. Said thermometers are not staple items of commerce and have no substantial noninfringing use.

28. Kaz is a direct competitor of Exergen with respect to the subject matter of the '685 Patent.

29. On information and belief, Defendant was aware of the existence of the '685 Patent and its infringement of the '685 Patent has been intentional, deliberate, and willful.

30. By reason of the aforesaid infringement, Exergen is damaged and is entitled to damages adequate to compensate for Defendant's infringement.

31. Defendant's infringement of the '685 Patent has caused and is causing irreparable injury to Exergen, for which Exergen has no adequate remedy at law. Defendant will continue its unauthorized conduct unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Exergen respectfully requests this Court to grant the following relief, and any other relief the Court may deem proper:

1. Enter judgment in favor of Exergen determining that Kaz induces infringement of, and has induced infringement of, the '938 Patent in violation of 35 U.S.C. § 271(b);

2. Enter judgment in favor of Exergen determining that Kaz induces infringement of, and has induced infringement of, the '685 Patent in violation of 35 U.S.C. § 271(b);

3. Enter judgment in favor of Exergen determining that Kaz contributorily infringes, and has contributorily infringed, the '938 Patent in violation of 35 U.S.C. § 271(c);

4. Enter judgment in favor of Exergen determining that Kaz contributorily infringes, and has contributorily infringed, the '685 Patent in violation of 35 U.S.C. § 271(c);

5. Permanently enjoin Kaz and its officers, agents, divisions, affiliate, subsidiaries, successors, employees, and representatives, and all those controlled by or acting in concert or privity with them from infringing, inducing the infringement, and/or contributing to the infringement of the '938 Patent;

6. Permanently enjoin Kaz and its officers, agents, divisions, affiliate, subsidiaries, successors, employees, and representatives, and all those controlled by or acting in concert or privity with them from infringing, inducing the infringement, and/or contributing to the infringement of the '685 Patent;

7. Award Exergen damages in an amount to be determined at trial; and

8. Award Exergen treble damages for willful infringement pursuant to 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Exergen hereby demands a trial by jury.

| | |
|---|---|
| Date: March 18, 2013 | Respectfully submitted, |
| | EXERGEN CORPORATION<br>By its attorneys, |
| | /s/ Meredith L. Ainbinder<br>Kerry L. Timbers (BBO # 552293)<br>Robert M. Asher (BBO # 22865)<br>Meredith L. Ainbinder (BBO # 661132)<br>SUNSTEIN KANN MURPHY & TIMBERS LLP<br>125 Summer Street<br>Boston, MA 02110-1618<br>Tel: (617) 443-9292<br>Fax: (617) 443-0004<br>Email: mainbinder@sunsteinlaw.com |

03577/00508 1791884.1