UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXERGEN CORPORATION,     ) | |
| ) | |
| Plaintiff,     ) | Civil Action No. 1:13-cv-10628-RGS |
| ) | |
| v.     ) | |
| ) | |
| KAZ USA, INC.,     ) | |
| ) | |
| Defendant.     ) | |
| ) | |

## JOINT STATEMENT ON IMPACT OF
## FEDERAL CIRCUITS'S DECISION ON DAMAGES ISSUES

As requested by the Court on April 20 [D.N. 480], the parties submit this statement on the impact of the Federal Circuit's decision of March 8, 2018 on the jury verdict and how the Court should proceed on damages.

The Federal Circuit reversed the jury verdict of infringement relating to the '685 patent as not supported by substantial evidence. Decision at 16. In light of this decision, the court vacated and remanded the damages award so this Court could determine the consequences for the award of the appellate decision regarding the '685 patent. *Id.* at 20.

The Federal Circuit accurately stated that "the parties agree that a recalculation of damages would be necessary, but dispute whether a new trial on damages is warranted." *Id.*

**Exergen's view**

Exergen believes that no new trial is called for, because it's a straightforward matter to subtract from the award those damages attributable to the '685 patent. One simply deducts from

the damages base those accused units sold before August 31, 2010, the issue date of the '938 patent.

Exergen contends that the parties agree on the effective per-unit royalty and per-unit lost profit that the jury awarded, and agree further on the percentage of accused units that the jury subjected to each measure of damages.

Kaz's own damages expert opined that if the '685 patent were found not infringed, both reasonable royalty and lost profits figures can be calculated by reducing the population of accused units, and applying the same variables that he applied when assuming that both the '685 and '938 patents were found valid and infringed.

Accordingly, the Court has sufficient data from which to recalculate damages, and then apply prejudgment and post-judgment interest.

Exergen is prepared to submit a motion for summary judgment to guide the recalculation and demonstrate that no new trial is warranted.

**Kaz's view**

Kaz believes that a new trial on damages is required.  Exergen elected not to request separate damages questions on the verdict form for the '685 and '938 patents.  In addition, as reflected by the verdict, the jury did not adopt either party's damages expert's damages calculations.  It is therefore impossible to determine which portion of the jury's lost profits award was attributable to the '938 patent alone, if any, or the weight the jury gave the non-infringed '685 patent in calculating a reasonable royalty.  In fact, it is apparent from the Federal Circuit's reversal on infringement that the jury either misunderstood the scope of the '685 patent or misunderstood the operation of the accused products, which likely skewed the damages award. In such cases, it is the normal rule under Federal Circuit law to award a new trial on damages.

Accordingly, Kaz requests that the Court set a briefing schedule for a motion for new trial on damages.

Date:  May 1, 2018

Respectfully submitted,

EXERGEN CORPORATION
By its attorneys,

/s/ Joel R. Leeman
Kerry L. Timbers (BBO # 552293)
Robert M. Asher (BBO # 22865)
Joel R. Leeman (BBO # 292070)
Sharona H. Sternberg (BBO # 682384)
SUNSTEIN KANN MURPHY & TIMBERS LLP
125 Summer Street
Boston, MA 02110-1618
(617) 443-9292
jleeman@sunsteinlaw.com

Respectfully submitted,

KAZ USA, INC.

/s/ Daniel L. Moffett
Kirt S. O'Neill
Texas State Bar No. 00788147
(admitted pro hac vice)
Daniel L. Moffett
Texas State Bar No. 24051068
(admitted pro hac vice)
AKIN GUMP STRAUSS HAUER &FELD, LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
Tel: (210) 281-7000
koneill@akingump.com
dmoffett@akingump.com

Dana A. Zakarian (BBO #641058)
NYSTROM, BECKMAN & PARIS LLP
One Marina Park Drive, 15th Floor
Boston, Massachusetts 02210

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the above date.

/s/ Joel R. Leeman
Joel R. Leeman

2916049.1